## 33248. EASON v. BATTLE.

786

'Decided October 10, 1950.  Rehearing denied December 12, 1950.

*Wesley G. Bailey,* for plaintiff in error.

*C. G. Battle,* contra.

GARDNER, J. The defendant sought to set aside the judgment of the Civil Court of Fulton County in plaintiff's favor against him by an oral motion for new trial, which is proper in that court. What the grounds of this oral motion were, nowhere appears. These grounds do not appear from any portion of the record before the appellate division nor before this court. In these circumstances, there was nothing presented for decision by the appellate division of the trial court, and it was not error for the appellate division to pass an order dismissing such appeal. See, in addition to the cases cited by the Appellate Division of the Civil Court of Fulton County in its order dismissing the appeal, the cases of *Cohen* v. *Morris Plan Co. of Ga.,* 43 *Ga. App.* 84 (157 S. E. 913), and *Fuller* v. *Rich's Inc.,* 57 *Ga. App.* 424 (195 S. E. 768), and cases cited therein.

There is no merit in the contention of the plaintiff in error that the appellate division erred in dismissing his appeal for the reason that in the bill of exceptions to that court the defendant below, plaintiff in error here and appellant to the appellate division of said trial court, after assigning "as error the judgment of the court and the overruling of his motion for new trial" set up that the "judgment is contrary to law," the "judgment is contrary to the evidence," the "judgment is without evidence to support it," and "the court erred in all of its rulings as set forth in Exhibit B [the memorandum of the objections and court rulings thereon set out in the record and attached to the brief of the evidence] hereto attached and made a part

hereof for consideration by the court." The defendant and the plaintiff in error in the bill of exceptions to the appellate division excepted to and assigned error upon the "judgment of the court" (the judgment of the trial judge in favor of the plaintiff for $200) as well as upon the "overruling of his motion for new trial," and it is evident from the alleged four particular errors immediately following in such bill of exceptions that the defendant or appellant is referring to the judgment of the court in favor of the plaintiff and against him and that these were not the grounds of his oral motion for new trial, the proper order and judgment to be attacked in the appellate division. The bill of exceptions to the appellate division of said civil court did not indicate that the errors alleged were those urged in the oral motion for a new trial. *Fuller* v. *Rich's Inc.*, supra.

The contentions of the plaintiff in error and the argument made in support thereof have been carefully considered, but this court does not feel called upon to upset the rule laid down by the above line of cases.

Such bill of exceptions to the appellate division was not amendable, as urged by plaintiff in error. *Cohen* v. *Morris Plan Co. of Ga.*, supra.

The defendant in error makes a motion to dismiss the bill of exceptions in this court. This is not proper. The assignment of error is complete in this court, the same being to the judgment of the appellate division, dismissing the appeal, and the same being assigned as error, and there being no question of an incomplete or insufficient assignment of error in the bill of exceptions before this court. The motion to dismiss the writ of error is denied.

However, the appellate division of the trial court properly dismissed the appeal of the defendant and plaintiff in error, and that judgment must be approved and upheld by this court.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*